**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Charlene Davis, | Civil Action No.: 1:16-cv-00276 |
| Plaintiff, | |
| v. | |
| North Eastern Asset Recovery, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Charlene Davis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Charlene Davis ("Plaintiff"), is an adult individual residing in New York, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, North Eastern Asset Recovery, Inc. ("NEAR"), is a business entity located in Hawthorne, New York, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NEAR and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NEAR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NEAR for collection, or NEAR was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NEAR Engages in Harassment and Abusive Tactics

12. On or about June 30, 2015, NEAR left a voicemail message for Plaintiff which stated that NEAR intended to serve Plaintiff with legal documents and file legal proceedings on or about July 3, 2015.

13. That same day, Plaintiff spoke with NEAR and requested a letter regarding the Debt. NEAR agreed to send Plaintiff a letter.

14. However, to date Plaintiff has not received anything in writing regarding the Debt.

15. In addition, on or about July 21, 2015 NEAR left another voicemail message for Plaintiff which stated that a private courier would serve Plaintiff with a certified document.

16. To date, Plaintiff has not been served with any legal documents and is not aware of any legal proceedings against her related to the Debt.

C.  **Plaintiff Suffered Actual Damages**

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to

send Plaintiff a letter within five (5) days of its initial contact with Plaintiff.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. The acts, practices and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

31. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

32. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

33. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual damages, trebled, pursuant to NY GBL § 349;

4. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2016

Respectfully submitted,

By: */s/ Sergei Lemberg*_____

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff